UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARNELL HUNNICUTT,<br><br>          Plaintiff,<br>v.<br><br>WILLIAM DINGUIS, ET AL.,<br><br>          Defendants. | 3:07-CV-1628 (CSH)<br><br>**ORDER** |

HAIGHT, Senior District Judge:

Now pending before the Court are *pro se* Plaintiff Carnell Hunnicutt's Motion for Sanctions [Doc. 81] and Motion for Default Entry. [Doc. 82]  The motions were filed on November 12, 2009, but to date, no responses have been filed by Defendants, who are represented by Connecticut Assistant Attorney General Terrence O'Neill, despite the expiration of the time to do so.  Defendants are Corrections employees who Plaintiff asserts used unnecessary force against him and deprived him of medical treatment.

The Court will summarize the lengthy and unfortunate procedural history of this case. On December 12, 2008, Plaintiff moved to compel discovery. [Doc. 54]  Defendants failed to respond.  On January 7, 2009, the Court granted the motion to compel absent objection and ordered Defendants "to produce the documents enumerated therein" by February 6, 2009. [Doc. 56] Thereafter, Plaintiff filed numerous motions indicating that he had not received the discovery.  The Court ordered defense counsel "to file a Notice of Compliance no later than June 12, 2009, indicating the date on which the responses [that were the subject of Plaintiff's Motion to Compel] were mailed to Plaintiff and attaching a copy of the responses." [Doc. 64]  When Defendants failed to do so, the Court ordered that the Notice of Compliance "must be filed with

the Court not later than July 7, 2009, failing which the Court will enter an order of default as to liability and refer the case to a magistrate judge for a determination of damages." [Doc. 65] Again, Defendants failed to respond.

Accordingly, default judgment entered against Defendants on July 10, 2009, and the case was referred to Magistrate Judge Joan G. Margolis for a hearing and recommendation on damages. [Doc. 66]  Before the hearing, Defendants filed a Motion to Set Aside Default, indicating that the failure to file the notices as ordered had been inadvertent. [Doc. 76]  While critical of counsel for Defendants' admitted "inattentiveness to this file" [Doc. 76-2 at ¶ 8], the Court nonetheless set aside the default, and ordered Defendants to file a notice of compliance by October 30, 2009 "certifying that Plaintiff has been provided with all the discovery ordered by the Court." [Doc. 79]  On October 30, 2009, Defendants filed a Notice of Compliance, which stated in full: "Pursuant to the court's order of September 30, 2009, the defendants hereby give notice that they have fully complied with the court's discovery orders and responded to Plaintiff's written discovery requests." [Doc. 80]

Thereafter, Plaintiff filed the instant motions to default Defendants and for sanctions against Defendants and their counsel.  Plaintiff maintains that the eleven items listed in his December 12, 2008 motion to compel, which was granted by the Court, have never been produced to him, and that, in filing the October 30, 2009 Notice of Compliance, Defendants' counsel "has lied to the Court." [Doc. 82 at 1]  Defendants have not filed any response to these motions, which is troubling in light of the seriousness of the charge and the fact that Defendants have already been defaulted once on account of counsel's inattention to this case and failure to comply with the Court's orders.

Therefore, Defendants are hereby ordered to file responses to the pending motions on or before **March 24, 2010.** Such responses shall include an affidavit executed by Defendants' counsel testifying with specificity as to what has been provided to Plaintiff in terms of discovery, and when it was provided, with particular attention to the items listed in the December 12, 2008 motion to compel. In addition to this inventory of what has been produced, Defendants' counsel should attach copies of their responses to Plaintiff's interrogatories and requests for production, as well as copies of the discovery documents forwarded to Plaintiff that demonstrate Defendants' compliance.

If Defendants fail to timely file the required response, or if the response filed is deemed inadequate or reveals that Defendants have failed to comply with discovery ordered by the Court, the Court will re-impose default as to liability and will again refer the case to a magistrate judge for a hearing on damages, and will consider Plaintiff's motion for sanctions. If, on the other hand, the evidence demonstrates that Defendants have indeed complied with discovery as ordered, and that Plaintiff's most recent motions for sanctions and default were not filed in good faith, the Court will entertain no further motions on discovery matters, and will set summary judgment and trial ready dates for the near future, as this case is already over two years old.

It is SO ORDERED.

Dated: New Haven, Connecticut

March 4, 2010

                                                 */s/ Charles S. Haight, Jr.*
                                                 Charles S. Haight, Jr.
                                                 Senior United States District Judge