UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARNELL HUNNICUTT,<br><br>            Plaintiff,<br>v.<br><br>WILLIAM DINGUIS, ET AL.,<br><br>            Defendants. | 3:07-CV-1628 (CSH) |

**RULING ON PENDING MOTIONS**

HAIGHT, Senior District Judge:

Plaintiff Carnell Hunnicutt, incarcerated and *pro se*, commenced this action pursuant to 42 U.S.C. § 1983 on November 5, 2007, asserting that Defendants had subjected him to unconstitutional conditions of confinement, excessive force, deliberate indifference to his medical conditions and unreasonable body cavity search.  A protracted discovery dispute between the parties ensued, a summary of which can be found in the Court's March 4, 2010 Order. [Doc. 85]

I.      MOTIONS FOR DEFAULT AND FOR SANCTIONS

On October 30, 2009, Defendants filed a Notice of Compliance, stating that "they have fully complied with the court's discovery orders and responded to Plaintiff's written discovery requests." [Doc. 80]  Thereafter, Plaintiff filed the instant motions to default Defendants [Doc. 82] and for sanctions against Defendants and their counsel. [Doc. 81]  Plaintiff maintains that the items listed in his December 12, 2008 motion to compel, which was granted absent objection on January 7, 2009, have never been produced to him, and that, in filing the October 30, 2009 Notice of Compliance, Defendants' counsel "has lied to the Court again" because "no discovery

ordered by the Court was sent nor received by the Plaintiff." [Doc. 82 at 1]  In his motion for sanctions, Plaintiff reiterates that "None of the discovery ordered by the Court was produced by the Defendants' counsel since the January 7, 2009 motion to compel was granted." [Doc. 81 at 1] In light of the seriousness of this charge, the Court ordered Defendants to respond and to attach copies of the discovery provided to Plaintiff, so that the Court could assess Defendants' compliance.

Defendants filed their response, attaching approximately 110 pages of discovery that have been provided to Plaintiff.  [Doc. 86]  While some of the discovery was provided to Plaintiff on October 2, 2008, the bulk of it was sent on January 9, 2009 and January 15, 2009, revealing the inaccuracy of Plaintiff's contention that Defendants failed to send him any additional discovery in response to the Court's January 7, 2009 grant of his motion to compel.  Therefore, Plaintiff's Motion for Sanctions [Doc. 81] and November 12, 2009 Motion for Default Entry [Doc. 82] are DENIED.  For the same reason, Plaintiff's Motion for Default Entry dated April 8, 2010 [Doc. 87] and Motion for Default Judgment [Doc. 88], which are also based on Defendants' alleged failure to comply with Court orders regarding Plaintiff's December 12, 2008 motion to compel, are DENIED.

As the Court stated in its order directing Defendants to file the discovery:

> If . . . the evidence demonstrates that Defendants have indeed complied with discovery as ordered . . . the Court will entertain no further motions on discovery matters, and will set summary judgment and trial ready dates for the near future, as this case is already over two years old.

[Doc. 85 at 3]  Accordingly, discovery is closed.  Having spent more than two years on discovery disputes, it is time to turn to the merits of this case.  Dispositive motions are due on or before

October 1, 2010. If none are filed, this case shall be trial ready on November 1, 2010.

II.     MOTION TO RECUSE

Plaintiff has moved to have me recuse myself from this case "on grounds of personal bias . . . based upon said Judge fail[ing] to sanction the Defendants for failing to produce discovery that was Court ordered and failing to enter a default judgment." [Doc. 84 at 1] Plaintiff notes that this perceived bias against him "has led to anger and mistrust of the proceeding Judge" on his part. *Id*. Plaintiff has pointed to no specific basis or evidence for my alleged personal bias against him or in favor of Defendants, and indeed, I have none. That I have not always ruled as he may have wished is not a valid ground for recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.") Furthermore, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. The record in this case is hardly suggestive of deep-seated favoritism to Defendants or antagonism to Plaintiff. To the contrary, acting in reliance on Plaintiff's representation that Defendants had sent him nothing in response to the discovery orders, and notwithstanding Defendants' prior representation that they had indeed complied with the discovery orders, I required Defendants to prove their compliance by filing the discovery that they had provided to Plaintiff, which they did. Plaintiff's Motion to Recuse Judge [Doc. 84] is DENIED.

III.    MOTION TO APPOINT COUNSEL

Plaintiff seeks appointment of *pro bono* counsel in this action pursuant to 28 U.S.C. §

1915.  For the reasons set forth below, Plaintiff's motion [Doc. 83] is DENIED without prejudice.

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel.  *See, e.g.*, *Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997); *Cooper v. A. Sargenti Co.*, 877 F. 2d 170, 172 (2d Cir. 1989).  The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).  The standard form Motion for Appointment of Counsel that Plaintiff completed contains a section entitled "Efforts to Obtain an Attorney" and advises movants that "The Court strongly suggests that you contact a minimum of three attorneys." [Doc. 83 at 4]  However, in response to the question, "Have you spoken with any attorney about handling your case?" Plaintiff checked the answer no.  *Id.*  Given that Plaintiff has not made any effort to obtain counsel, the Court cannot conclude that he is unable to obtain legal assistance on his own.

Further, when deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance." *Id.*  In *Cooper v. A. Sargenti Co.*, the Second Circuit reiterated the importance of requiring an indigent to "pass the test of likely merit." 877 F.2d at 173-74.  The Court of Appeals explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." *Id.* at 171.  To date, the focus of this case has been discovery disputes, and the record concerning the merits of Plaintiff's claims consists only of the complaint and answer.  At this time, the Court cannot determine whether Plaintiff's claims possess likely merit.

Accordingly, Plaintiff's motion for appointment of counsel [Doc. 83] is **DENIED**

without prejudice to renewal. However, any renewed motion must document Plaintiff's efforts to obtain *pro bono* counsel on his own.

IV.     CONCLUSION

For the foregoing reasons, Plaintiff's November 12, 2009 and April 8, 2010 Motions for Default Entry [Docs. 82 & 87] are DENIED. Plaintiff's Motion for Default Judgment [Doc. 88] is DENIED. Plaintiff's Motion for Sanctions [Doc. 81] is DENIED. Plaintiff's Motion to Recuse Judge [Doc. 84] is DENIED. Plaintiff's Motion to Appoint Counsel [Doc. 83] is DENIED without prejudice. Discovery is closed. Dispositive motions are due on or before October 1, 2010. If none are filed, this case shall be trial ready on November 1, 2010.

It is SO ORDERED.

Dated: July 26, 2010 at New Haven, Connecticut

*/s/ Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge